No. 682

ATKIN, et v. LEITNER

Ohio Appeals, 9th Dist., Lorain Co.

No. 417. Decided June 13, 1927.

1105.—STATUTE OF FRAUDS — Money paid on contract cannot be recovered merely because contract is oral and comes within statute of frauds.

Error to Common Pleas.
Judgment reversed.

First Publication of this Opinion

PER CURIAM.

The parties hereto entered into a verbal contract, by which the defendant in error

## PUBLISHER'S COLUMN

# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879.

Issued Every Saturday          50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance........$15.00
Single Numbers ............................... .35

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland, O.

### STAFF

Jay F. Laning.......................Business Director
Sheldon R. Laning...................Editorial Director
Sam H. Torrey....................Circulation Manager

## TEMPUS FUGIT

Once more we are confronted with proof of the rapidity with which time flies. The lawyers' Summer leisure period, which seemingly opened but a few days ago, has about departed. We can scarcely realize it, but such is the fact. Anent this, the Bar is again to be congratulated that the Ohio courts, after being practically closed for many weeks are again at work, and legal business, the source of the lawyer's thrift, is again on its way. On Monday of last week Common Pleas Courts commenced their Fall Terms in 22 counties of the state. In 10 more counties they opened on Monday of this week, and in 10 others they will be in full life on Monday of next week. The Court of Appeals Judges were calling the Docket in several counties of the state last week; this week calls are being made in a few more counties, and, next week the good work will commence and go on in a number of others. The Supreme Court will also be in session. More than one-half of the Ohio Courts convene this month, and from this time on, the law business may be said to have struck its stride again, Lawyers will be astir, and courthouses will once more resound with the voices of advocates who plead, witnesses who testify, and judges who decide, and will be filled with the presence of litigants and interested visitors, a condition "devoutly to be wished" by Ohio's many lawyers who are dependent upon the fruits of the judicial industry for their subsistence and prosperity. The Abstract is all set for the new work as fast as it appears and will perform with the highest efficiency its function of keeping the profession enlightened as to the activities and decrees of the courts.

agreed to lease a certain storeroom from plaintiffs in error. On the day the agreement was made, the lessee paid $35, being one-half of the monthly rental. The lessee claims that he was prevented from taking possession of the leased premises because of the failure of the lessors to evict certain tenants occupying the building at the time the term of the lease was to commence, and sought to recover the $35 paid.

At the trial, the court took the position that the lessee was entitled to a judgment for said amount, upon the theory that the contract was within the statute of frauds and void, and that the lessee was entitled to his money whether he had breached the contract or not.

The lessors claimed that the reason possession was not given was because of default of the lessee in refusing to take the leased property at the time and upon the terms agreed upon, and that they were ready, able and willing to carry out the contract as made and could have and would have given possession of the property as agreed upon.

This presented the question of fact to be determined by the jury, unless the trial court was right in saying that it was solely a matter of law. We do not agree with this conclusion of the trial court, although the original contract was unenforceable under the statute of frauds. The lessee had a right to recover the $35 unless it was through his default that the contract was breached, and the lessors were entitled to retain the $35 unless it was through their default that the contract was breached.

"The fact that a verbal agreement to sell land is void under the statute of frauds does not make it illegal; and where the vendor has the deed ready, and is able to and repeatedly offers to convey, but is prevented from so doing by the refusal of the vendee to accept a deed, and six months later the vendor conveys the land to another, a suit cannot thereafter be maintained by the vendee to recover the earnest money on the ground that it was paid without consideration." Gallagher v. Dettelbach, 1 C. C. (N.S.) 598.

Judgment reversed.

(Washburn, PJ., Funk, J. and Pardee, J., concur.)

Attorneys—F. A. Stetson and Anthony Nieding for Atkin et; Samuel Deutsch for Leitner; all of Elyria.